UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,          :

      - v -                      :   **17 CRIM 563**

LOUIS MARTIN BLAZER,               :   SEALED ORDER
   a/k/a "Marty,"

                   Defendant.
- - - - - - - - - - - - - - - x

       WHEREAS, an application has been made by the United States of America, with the defendant's consent, for the sealing of the transcript of the defendant's guilty plea, the Information, and the plea agreement; and the temporary delay of any docket entries in the above-captioned case;

       WHEREAS, the Court finds that active law enforcement investigations may be compromised if the Government's application is not granted;

       IT IS HEREBY ORDERED that the Clerk of Court issue a docket number in the above-referenced case;

       IT IS FURTHER ORDERED that no docket entries shall be made in the above-captioned matter until further order by this Court;

       IT IS FURTHER ORDERED that the transcript of the defendant's guilty plea, the Information to which the defendant is pleading guilty, the plea agreement between the defendant and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 25 2017

the Government, this Order, and the Government's application for this Order, shall be sealed;

IT IS FURTHER ORDERED that counsel for the defendant and the Government may be provided a copy of the transcript of any proceedings in this matter without further Order of the Court;

IT IS FURTHER ORDERED that all documents relating to this matter, after a docket number is assigned, shall remain under seal in the chambers of the undersigned; and

IT IS FINALLY ORDERED that the Government shall report to the Court no later than six months after execution of this Order regarding the continuing need, if any, to maintain these matters under seal.

SO ORDERED:

Dated:    New York, New York
          September 15, 2017

THE HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,           :

          - v -                     :
                                         SEALED AFFIRMATION AND
LOUIS MARTIN BLAZER,
     a/k/a "Marty,"                 :    APPLICATION

                                    :
          Defendant.
- - - - - - - - - - - - - - - x    17 CRIM 563
```

ROBERT L. BOONE hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

1. I am an Assistant United States Attorney in the Office of Joon H. Kim, Acting United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government applies for an order of the Court (1) sealing the transcript of the defendant's guilty plea, the Information, the plea agreement between the parties, and this application and accompanying proposed order; and (2) delaying docketing of any items related to this case until further order by this Court.

2. Beginning in or about November 2014, the defendant began proactively cooperating with our Office in an investigation into the payment of bribes by sports agents and

other athlete advisors to NCAA Division I coaches.[1]  As uncovered in our investigation, the coaches, in exchange for bribes, agree to use their influence over certain top-level college players on their teams to retain the agent and/or financial advisor once the player joins the National Basketball Association.  The defendant's cooperation has included, among other things, making hundreds of recorded telephone calls; attending numerous monitored meetings with coaches, sports agents, financial advisors and others involved in the bribery scheme; and helping to orchestrate bribe payments to several college coaches.

3.   All of the individuals the defendant has proactively cooperated against are still at liberty.  Thus, the full extent of the investigation, as well as its potential targets, remains highly confidential and is the subject of ongoing grand jury proceedings.

4.   The defendant is currently prepared to enter a guilty plea to a five-count Information pursuant to a cooperation agreement with the Government.  One of the counts arises from the defendant's participation in a scheme to defraud universities by making payments to student-athletes at those universities in exchange for the student-athletes' agreement to retain the defendant as a financial advisor or business manager.

---

[1] The investigation initially focused on college football coaches but ultimately centered around college basketball coaches.

Should the fact or transcript of the defendant's guilty plea, the fact that he is cooperating with the Government, or the contents of the Information to which he is pleading guilty become known to the individuals against whom he is cooperating, including several college basketball coaches, there are reasonable grounds for concern that the continuing investigation against those individuals will be compromised. This is a particularly acute problem here where a major news media outlet has questioned the defendant and the Government as to whether the defendant is cooperating in a case involving corruption in college athletics. As such, the mere fact of his guilty plea, if announced publicly, would almost certainly generate widespread media coverage and serve as confirmation to other potential defendants that the defendant is indeed cooperating and that the Government's investigation has entered a new, more serious stage.

5. The Government anticipates that information provided by the defendant is likely to be presented to a grand jury in this District in the near future, for purposes of obtaining an indictment against several individuals, including college basketball coaches.

6. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to, among other things,

further ongoing law enforcement efforts, including grand jury investigations. *See United States* v. *Cojab*, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); *United States* v. *Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); *see also* Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. *See United States* v. *Alcantara*, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

7. Compelling law enforcement interests support an order directing that filings and other docket entries in this case be made under seal. Exposure of the defendant's cooperation would hinder law enforcement officials' ability to continue their investigation against other individuals, including certain college basketball coaches, without their knowledge that the defendant is cooperating against them. An order sealing the transcript and the defendant's Information and cooperation agreement, and delaying all docket entries in the above-captioned case would greatly reduce the risk that the

defendant's ongoing cooperation with the Government will be exposed.

  8. The defendant's cooperation (and the charges against him) will not be kept sealed indefinitely, however.  The Government anticipates that once the individuals whom the defendant has been cooperating against have been arrested, the defendant's cooperation will be publicly disclosed.  Accordingly, at such time, the Government will inform the Court of that development and move this Court for an order unsealing the filings of this case, and docketing the previously un-docketed entries.  In any event, the Government will provide the Court with an update with respect to these matters no later than six months' time from the date of the requested order, and every six months thereafter until the sealed matters are unsealed and the un-docketed items are docketed.

  8. Accordingly, the Government requests all filings and other docket entries in the above-captioned case, including this affirmation and any order issued in connection with it, be filed under seal, and that no docket entries be made in this matter until further order of the Court.  No prior request for

the relief set forth herein has been made, and defense counsel has consented to this application.

Dated:  New York, New York
        September 14, 2017

*[signature]*

Robert L. Boone
Assistant U.S. Attorney
Southern District of New York
(212) 637-2208